# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JOHNNIE MARENE THOMAS,<br><br>    Appellant,<br><br>v.<br><br>MICHELE J. KIM and<br>PAUL A. SCHOFIELD,<br><br>    Appellees. | 2:25-cv-059 |

### ORDER

Johnnie M. Thomas ("Appellant"), Debtor in a Chapter 7 Bankruptcy case, seeks leave to appeal an Order of the United States Bankruptcy Court granting a creditor's motion for relief from stay.  Dkt. No. 2.

### BACKGROUND

Appellant's mother passed away intestate several years ago. Dkt. No. 1-2 at 12.  Appellant and her brother, Alvin Thomas, are their mother's only heirs.  Id.  Alvin Thomas was appointed the administrator of his mother's estate.  Id.  Appellant has been fighting the administration of the probate estate in both state and federal court.  Id.

Appellant filed this Chapter 7 Bankruptcy case on July 24, 2024.  Id.  Upon Appellant filing the petition, an automatic stay went into effect, staying most activity against Appellant and the

property of her bankruptcy estate. Id. Then, on October 28, 2024, Alvin Thomas filed a motion for relief from the stay so that the probate estate could be administered. Id. Appellant filed a brief opposing the motion. Id. at 15. The Bankruptcy Court held a hearing on December 5, 2024, and Appellant was in attendance. Id. at 11, 16. The Bankruptcy Court ultimately granted the motion on April 3, 2025. Id. at 52.

Plaintiff has filed in this Court a motion for leave to appeal the Bankruptcy Court's April 3, 2025 Order. Dkt. No. 2. Appellant argues Bankruptcy Judge Michele J. Kim denied Appellant her procedural due process rights. Dkt. No. 1-2 at 2.

## LEGAL AUTHORITY

Appellant proceeds *pro se*, and the Court therefore construes her filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed."). However, the Court does not excuse *pro se* litigants from their duty to abide by procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

## DISCUSSION

28 U.S.C. § 158(a) provides that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees," and "with leave of the court, from other interlocutory orders and decrees of bankruptcy

2

judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." § 158(a)(1), (3).

The Eleventh Circuit has held that "[a] judgment granting or denying relief from the automatic stay is an appealable final order." In re Stewart, 339 B.R. 524, 525 (M.D. Ga. 2006) (citing Barclays-Am./Bus. Credit, Inc. v. Radio WBHP, Inc., 871 F.2d 1023, 1026 (11th Cir. 1989)). Therefore, Appellant does not require leave of Court to file an appeal of the Bankruptcy Court's order, and Appellant's motion, dkt. no. 2, is **DENIED as moot.**

**SO ORDERED** this __7__ day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3