# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHNNIE MARENE THOMAS,

    Appellant,

    v.

MICHELE J. KIM and
PAUL A. SCHOFIELD,

    Appellees.

2:25-cv-059

## ORDER

Before the Court is Johnnie Thomas's ("Appellant" or "Debtor") appeal of the Bankruptcy Court's April 3, 2025 Order granting a motion for relief from stay.[1] Dkt. No. 9 at 6, 7. No Appellee has filed a response brief. Therefore, this matter is ripe for review.

## BACKGROUND

Appellant's mother died intestate several years ago, leaving two heirs: Appellant and her brother, Alvin Thomas. Prior to this Bankruptcy action, Mr. Thomas was appointed

---

[1] Appellant also states she is appealing the denial of her request to convert her bankruptcy case from a Chapter 7 case to a Chapter 13 case. Dkt. No. 1 at 6. The motion requesting such relief was filed February 27, 2025 and denied July 1, 2025. Thomas v. Schofield, No. 24-20266 (Bankr. S.D. Ga. 2024), Dkt. Nos. 215, 264. Plaintiff's notice of appeal, filed April 11, 2025, identifies only her appeal of the Bankruptcy Court's Order dated April 3, 2025. Id., Dkt. Nos. 232, 239. Plaintiff has filed no notice of appeal of the July 1, 2025 order, and the time for doing so has passed. See Fed. R. Bankr. P. 8002(a)(1). Thus, the Bankruptcy Court's July 1, 2025 Order is not before this Court.

administrator of the Probate Estate. Appellant began fighting the administration of the Probate Estate, which spurred three civil actions against her in state court.

On July 24, 2024, Appellant filed a Chapter 7 bankruptcy petition. An automatic stay went into effect, staying most activity against Appellant and the property of her bankruptcy estate. Appellant indicated in Schedules D and E/F that the Probate Estate and Mr. Thomas were among her unsecured creditors. Thereafter, Mr. Thomas and/or the Probate Estate filed six proofs of claim in the bankruptcy case. Then, Mr. Thomas filed a motion for relief from the stay, mainly arguing that the Probate Estate and lawsuits stemming from it should be relieved of the automatic stay so the Probate Estate could finally be administered. The Bankruptcy Court ultimately granted the motion with the caveat that the stay remain in effect as to any post-judgment collection efforts against Appellant arising from the three civil proceedings. Appellant now appeals that Order.

In her brief to this Court, Appellant argues the "Bankruptcy Judge filed her Opinion and Order Granting Motion for Relief from Stay without any valid, lawful, legitimate claim(s) filed pursuant to U.S.C. 11 § 501." Dkt. No. 9 at 6. More specifically, Appellant asserts "NO valid Creditor filed proof of claims or interests as outlined by bankruptcy PROOF OF CLAIMS." Id. Appellant further argues that because she was

afforded no "'jury' hearing," "ALL ORDERS/decisions rendered and ruled by [the Bankruptcy Judge] are 'MOOT, NULL and VOID.'" Id. at 7. Finally, Appellant asserts her Fifth Amendment Procedural Due Process rights were violated, and she requests a twenty-five-million-dollar sanction be imposed against the Bankruptcy Judge, among others. Id.

### LEGAL AUTHORITY

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). "An order granting relief from the automatic stay is a final order." In re Campbell, No. 8:14-BK-13933-CPM, 2015 WL 5867098, at *1 (M.D. Fla. Oct. 5, 2015).

A bankruptcy court's findings of fact are reviewed for clear error, and its legal conclusions and any mixed questions of law and fact are reviewed de novo. Educ. Credit Mgmt. v. Mosley (In re Mosley), 494 F.3d 1320, 1324 (11th Cir. 2007); Christopher v. Cox (In re Cox), 493 F.3d 1336, 1340 n.9 (11th Cir. 2007). "The district court makes no independent factual findings," but instead reviews "the bankruptcy court's factual determinations under the 'clearly erroneous' standard." In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994) (citation omitted). A finding of fact "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City

3

of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (citation, internal quotation marks, and alterations omitted). As the reviewing court, this Court must give "due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). An appellate court may affirm the lower court "where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected" by the lower court. Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992).

## DISCUSSION

The filing of a bankruptcy petition triggers an automatic stay, which prohibits, in relevant part, the commencement or continuation of actions or proceedings against a debtor as to pre-petition claims; any act to obtain possession of property of the bankruptcy estate or of property from the estate or to exercise control over property of the estate; and any act to collect, assess, or recover a pre-petition claim against a debtor. 11 U.S.C. §§ 362(a)(1), (3), (6). The stay is a fundamental protection afforded to debtors and "its scope is intended to be broad." In re Chestnut Hill Rehab Hosp., LLC, 387 B.R. 285, 287 (Bankr. M.D. Fla. 2008).

In the underlying proceeding, the Bankruptcy Court found that "continuation of the civil lawsuits against Debtor are subject to the automatic stay under 11 U.S.C. § 362(a)(1)."

4

Bankr., Dkt. No. 232 at 13.  The Bankruptcy Court also found "that (1) any action to obtain possession of or exercise control over real and personal property in Debtor's possession and (2) continuation of the Probate Case, to the extent it involves administration of Debtor's interest in the Probate Estate, are subject to the automatic stay under 11 U.S.C. § 362(a)(3)."  Id.

Mr. Thomas sought relief from the stay imposed in Appellant's bankruptcy case.  Stay relief, including "terminati[on], annul[ment], modif[ication], or conditioning [of the] stay," may be granted "for cause."  11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code.  Courts determine whether cause to grant relief exists on a case-by-case basis by considering the totality of the circumstances.  Disciplinary Bd. of the Supreme Court of Pa. v. Feingold (In re Feingold), 730 F.3d 1268, 1277 (11th Cir. 2013).  Additionally, "[w]hen it appears that a particular bankruptcy filing amounts to an abuse of process, cause will exist for relief from the automatic stay."  Matter of Bell, 215 B.R. 266, 275 (Bankr. N.D. Ga. 1997).

Mr. Thomas sought relief from the automatic stay as to several pieces of property and for the continuation of the legal proceedings involving Appellant in other forums, including the Probate Case.  Mr. Thomas sought an annulment as to certain actions (violative of the automatic stay) taken in the Probate Case and termination of the stay as to the property of the

Probate Estate and as to property of Mr. Thomas, as an individual.

The Bankruptcy Court found that Mr. Thomas had met his burden to show a *prima facie* case of cause for 1) annulment of the stay as to continuation of the Probate Case and the sale of a property owned by the Probate Estate; 2) termination of the stay as to the property of the Probate Estate; 3) termination of the stay as to the property of Mr. Thomas, as an individual; and 4) termination of the stay as to continuation of the three civil actions against Appellant. The burden then shifted to Appellant, as the party opposing the motion for relief from stay, to show cause does not exist.

The Bankruptcy Court found that "Debtor has done nothing to rebut [Mr. Thomas's] showing of cause." Bankr., Dkt. No. 232 at 27. In fact, the Bankruptcy Court found that Appellant had "only made an unsupported assertion at the hearing that stay relief was 'unlawful and illegal;' raised her repeated objection to everything [Mr. Thomas], as administrator of the Probate Estate, ha[d] done in this bankruptcy case, on the grounds that he was not lawfully appointed by the Superior Court; and asserted [Mr. Thomas] is not a creditor." Id.; see also, e.g., id. at 41 ("Debtor's only argument against lifting the stay to allow the Civil Actions to continue in the Superior Court was—again—that the Superior Court improperly appointed [Mr. Thomas] as administrator of the Probate Estate."). Therefore, Appellant

did not meet her burden to overcome Mr. Thomas's showing of cause.

Further, the Bankruptcy Court found that "Debtor's abusive purpose toward [Mr. Thomas] and the Probate Estate in filing this bankruptcy and her persistent bad faith actions during the course of this case would have been sufficient cause for stay relief on their own." Id. at 42.[2]

## I.    Procedural Due Process

Appellant first argues the Bankruptcy Court's Order should be reversed because the court violated her procedural Due Process rights. Appellant's argument is without merit.

The Bankruptcy record reflects that Mr. Thomas's motion for relief from stay was fully briefed, Appellant filed "objections" to the motion, and the Court held a hearing on the motion. Appellant's argument that the Bankruptcy Court should have granted her request for a jury trial is simply incorrect. As the Bankruptcy Court noted in its Order, Appellant is "not

---

[2] The Bankruptcy Court's Order states:

> This case comes down to Debtor's long battle over, and with, the Probate Estate. It is evident to the Court that a significant reason Debtor filed her bankruptcy, and the driving force behind her actions as the case has progressed, was to reap the protections of the automatic stay to frustrate the administration of the Probate Estate, impede the progress of the lawsuits the Probate Estate has filed against her, and ultimately challenge, inappropriately, [Mr. Thomas's] appointment as administrator of the Probate Estate in this Court.

Bankr., Dkt. No. 232 at 18.

entitled to a jury trial on a motion for relief from stay, which is an equitable remedy." Bankr., Dkt. No. 232 at 5 n.2 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 40-42 (1989)); see also In re Auld, No. 14-20424, 2014 WL 3696720, at *2 & n.10 (D. Kan. July 23, 2014) (noting that the Seventh Amendment preserves the right to jury trial in "suits involving legal rights as opposed to those based on equitable rights or seeking only equitable remedies," and holding that "a Debtor has no right to jury trial when defending motions for relief from stay and dismissal").

## II.  Creditor Status

Appellant next argues the Bankruptcy Court's Order granting Mr. Thomas's motion for relief from stay is null and void because Mr. Thomas is not a valid creditor. This argument, too, is without merit.

Under Bankruptcy law, a creditor is someone who "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). The claim must have existed before the bankruptcy case was filed. In re Lynch, 755 F. App'x 920, 926 (11th Cir. 2018).

The Bankruptcy Court correctly found that, "to the extent [Mr. Thomas's] creditor status is even relevant to the Motion [for relief from stay], [Mr. Thomas] and the Probate Estate (which is represented by [Mr. Thomas]) are creditors and have timely filed six proofs of claim in this case." Bankr., Dkt.

No. 232 at 27-28.   Further, Plaintiff's own schedules indicate both Mr. Thomas and the Probate Estate are unsecured creditors. Finally, there is no dispute that the three civil cases in state court and the Probate Case were filed *before* Appellant filed her bankruptcy petition in the underlying proceeding.

### III. Appointment as Administrator

Finally, Appellant argues the Bankruptcy Court's Order granting Mr. Thomas's motion for relief from stay is null and void because Mr. Thomas was unlawfully appointed as administrator of the Probate Estate.   Appellant's argument is misdirected.

As the Bankruptcy Court correctly held, the Bankruptcy Court lacks jurisdiction to set aside a state court's appointment order.   Bankr., Dkt. No. 232 at 27 n.5.   To be clear, "the matter of appointment of an administrator" is a matter for state courts.   Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411-12 (11th Cir. 1996).   Further, "[t]he Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]."   In re Glass, 240 B.R. 782, 788 (Bankr. M.D. Fla. 1999).

## CONCLUSION

Appellant has presented no valid reason to call into question the Bankruptcy Court's findings of fact or conclusions of law. Accordingly, the Bankruptcy Court's Order granting the motion for relief from stay is **AFFIRMED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this ___8___ day of October, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA